IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED

4/13/2021

At: 8:30_____.m

| UNITED STATES | * | | WILLIAM T. WALSH |
| --- | --- | --- | --- |
| | * | | (BRM) |
| v. | * | CRIM. NO. 21-293 | CLERK |
| | * | | |
| VICTOR RODRIGUEZ | * | | |
| | * | | |

*****

## ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING FOR FELONY PLEAS AND/OR SENTENCINGS

In accordance with Standing Order 2020-06, this Court finds:

☑ That the Defendant (or the Juvenile) has consented to the use of video teleconferencing/teleconferencing to conduct the proceeding(s) held today, after consultation with counsel; and

☑ That the proceeding(s) to be held today cannot be further delayed without serious harm to the interests of justice, for the following specific reasons:
  See attachment.

Accordingly, the proceeding(s) held on this date may be conducted by:

☑ Video Teleconferencing

☐ Teleconferencing, because video teleconferencing is not reasonably available for the following reason:

  ☐ The Defendant (or the Juvenile) is detained at a facility lacking video teleconferencing capability.

  ☐ Other:

Date: 4/13/2021

_____
Honorable Brian Martinotti
United States District Judge

Attachment A

*United States v. Victor Rodriguez*

The Court finds that the plea hearing to be held today cannot be further delayed without serious harm to the interests of justice, for the following additional reasons:

1. To ensure that the Court is not overwhelmed by cases and proceedings at the conclusion of this period of emergency. Currently, District Judges in New Jersey handle a substantially larger docket of cases than Judges in other Districts in the United States. New criminal cases continue to be assigned by the Court during the emergency. If the Court cannot resolve matters by guilty plea and subsequent sentencing, the resulting backlog will overwhelm the Court's ability to effectively function. The concern of such congestion and the particular harm that likely will be caused by delays in the processing of cases and matters in the future is particularly acute in this emergency, at least given that: (1) it is unknown when this emergency will subside and when the Court will be able to function at normal capacity (including, among other things, the empanelment of trial juries) and (2) this District's pre-existing shortage of District Court Judges which already has challenged the Court's ability to process and resolve cases. This District has six District Judge vacancies: two have been pending for more than five years; one has been pending almost three years; two have been pending for more than a year; and one has been pending almost a year. The Federal Judicial Conference has deemed the District's six vacancies judicial emergencies.

2. To permit the defendant to obtain a speedy resolution of his case through timely guilty plea and subsequent sentencing to afford appropriate punishment and rehabilitation. The defendant has asked for this case to be resolved today by plea and subsequent sentencing. The Court is expected to have a substantial backlog of cases on its docket at the conclusion of this period of emergency. At this time, the Court cannot accurately predict where the defendant's case will be prioritized within that backlogged docket. As a result, the defendant's interest in a speedy resolution of his case will be seriously harmed if the proceeding does not occur today.

3. To permit the Government to obtain a resolution of the case so that the Government, already operating in a restricted capacity due to the emergency, may appropriately focus its resources on other, emerging

2

criminal matters.  The Government has asked for this case to be resolved today by plea and subsequent sentencing.